# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| CAPE CLASP, LLC, a Massachusetts Limited Liability Company<br><br>Plaintiff,<br><br>-against-<br><br>DORSAL BRACELETS, LLC, a South Carolina Limited Liability Company<br><br>Defendants. | Case No.: 2:23-cv-4313-RMG<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. Copyright Infringement<br><br>2. Violations of the Digital Millennium Copyright Act (17 U.S.C §1202)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Cape Clasp, LLC ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant, Dorsal Bracelets LLC, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks injunctive relief, damages, and attorneys' fees as a result of Defendant's acts of infringement in violation of the Copyright Act of the United States and the South Carolina Unfair Trade Practice Act.

## PARTIES

2. Plaintiff Cape Clasp, LLC is a Massachusetts Limited Liability Company with its principal address at 474 Woods Hole Road, Falmouth, Massachusetts 02543.

3. Defendant Dorsal Bracelets, LLC is a South Carolina Limited Liability Company with its principal address at 656 Ellis Oak Ave, Suite 101, Charleston, South Carolina 29412.

## JURISDICTION AND VENUE

4.      This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq.*

5.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

6.      The Court has personal jurisdiction over Defendant because Defendant is a South Carolina Limited Liability Company with its principal headquarters located in this judicial district.

7.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here. Venue and personal jurisdiction is also appropriate under Fed. R. Civ. P. 4(k)(2).

## FACTUAL BACKGROUND

### A.      Plaintiff's Business

8.      Plaintiff is a Massachusetts based jewelry design firm that uses marine life as inspiration for its jewelry designs.  Plaintiff is a purpose driven company that partners with marine life organizations for each of its designs, donating 15% of its profits to these partner organizations.  Plaintiff has built up significant goodwill in its jewelry and its business through its unique products and charitable partnerships.

### B.      Plaintiff's Copyrighted Designs

9.      Plaintiff is the owner of U.S. Copyright Registration No. VA-2-295-931 for the work entitled "Great White Shark Clasp Bracelet" (the "Great White Design"),[1] which is comprised of a uniquely rendered 3-D design of a great white shark that is uniquely incorporated into a bracelet, as depicted below:

---

[1] A true and correct copy of Plaintiff's registration for the Great White Design is attached as Exhibit A.



10.     Plaintiff is also the owner of U.S. Copyright Registration No. VA-2-291-788 for the work entitled "Hammerhead Shark Clasp Bracelet" (the "Hammerhead Design"),[2] which is comprised of a uniquely rendered 3-D design of a hammerhead shark that is uniquely incorporated into a bracelet, as depicted below:



**C.     Defendant's Acts of Infringement**

11.     Defendant has created, manufactured, produced, imported, marketed, displayed, sold, and distributed bracelet designs that infringe Plaintiff's Great White Design and Hammerhead Design (the "Infringing Products," each, and "Infringing Product").

*Defendant's Infringement of Plaintiff's Great White Design*

12.     The first Infringing Product, a blatant knockoff of Plaintiff's Great White Design, was made available for sale to the public by Defendant.

---

[2] A true and correct copy of Plaintiff's registration for the Hammerhead Design is attached as Exhibit B.

3

13. An overlay of the Great White Design with Defendant's Infringing Product is depicted below:



14. Plaintiff created the above image by overlaying a photo of Defendant's Infringing Product over a photo of the Great White Design and adjusting the opacity of each photo to 50%. The overlay demonstrates that Defendant's Infringing Product design is strikingly similar—if not identical—to Plaintiff's Great White Design.

15. The striking similarity of Defendant's Infringing Product to Plaintiff's Great White Design leads to the inescapable conclusion that Defendant copied Plaintiff's Great White Design.

16. Plaintiff is not alone in reaching this conclusion. Indeed, as depicted below, multiple members of the public have "called out" Defendant on social media for "stealing" Plaintiff's Great White Design:





17.     At least one social media user described Defendant's Infringing Products as "cheap rip off[s] of the original by [Plaintiff]."

18.     Evidently in response to the social media backlash surrounding Defendant's blatant infringement of Plaintiff's Great White Design, Defendant replaced its Infringing Product with a second Infringing Product that appears to have been designed to look less strikingly similar to Plaintiff's Great White Design.

19.     However, despite Defendant's revisions to its original Infringing Product, its replacement Infringing Product remains strikingly similar to and derivative of Plaintiff's unique Great White Design, as demonstrated below:



| *Plaintiff's Great White Design* | *Defendant's Infringing Product* |

20.     Moreover, upon information and belief, Defendant knowingly and with the intent to induce, enable, facilitate, or conceal its infringement, stamped its replacement Infringing Product with false copyright management information, attributing the Great White Design to

5

Defendant rather than to Plaintiff, before distributing the Infringing Product and publishing images of the Infringing Product online, including but not limited to on Defendant's website.

21. Plaintiff does not claim to own the shape of a shark or the idea of incorporating a shark design into a bracelet; plenty of other companies manufacture and sell bracelets incorporating shark designs. However, there are a multitude of ways to express the idea of a shark bracelet, and Plaintiff reserves the right to protect its original and unique expression of that idea.

22. That Defendant copied Plaintiff's original expression, despite the infinite number of design choices that were available to Defendant, is all but confirmed by the *dozens* of non-infringing shark bracelets that have been manufactured and sold by other companies. Examples of non-infringing shark bracelets are depicted in **Exhibit C**. None of the dozens of examples depicted in **Exhibit C** even come close to infringing Plaintiff's unique Great White Design.

23. The originality and uniqueness of Plaintiff's expression is further underscored by the fact that the U.S. Copyright Office granted Plaintiff a copyright registration in its Great White Design, found at registration number VA0002295931, putting Defendant on notice that Plaintiff owned an exclusive copyright in its Great White Design.

*Defendant's Infringement of Plaintiff's Hammerhead Design*

24. In addition to Infringing Products that infringe Plaintiff's Great White Design, Defendant has created, manufactured, produced, imported, marketed, displayed, sold, and distributed Infringing Products that infringe Plaintiff's Hammerhead Design.

25. A side-by-side comparison of Plaintiff's Hammerhead Design and Defendant's Infringing Product is depicted below:

| *Plaintiff's Hammerhead Design* | *Defendant's Infringing Product* |
|---|---|
|  | |

26. The above comparison, which demonstrates substantial similarity between Defendant's Infringing Product and Plaintiff's Hammerhead Design, leads to the same inescapable conclusion that Defendant has also infringed Plaintiff's copyrights in the Hammerhead Design. Plaintiff's Hammerhead Design is registered with the United States Copyright Office under registration number VA0002291788.

27. Again, Plaintiff is not alone in reaching this conclusion. As depicted below, members of the public have "called out" Defendant on social media for "stealing" Plaintiff's Hammerhead Design:



> **harolddobbs** When you claim your stuff is designed in house but it looks the exact same as other brands, down to the arc of the hammerhead and tail curve of the shark.. You guys really couldn't change it up just a bit?
>
> 38w   Reply

**D.    Plaintiff's Efforts to Enforce Its Rights Without Court Intervention**

28. On June 16, 2022, Plaintiff, through counsel, sent Defendant's Founder and CEO, Chad Ross, a cease-and-desist letter regarding Defendant's infringement in which Plaintiff demanded that Defendant "immediately cease and desist in the unlawful use of [Plaintiff's] artwork." Plaintiff further demanded that Defendant provide a complete accounting of its total revenues and sales relating to the sale and distribution of its Infringing Products.

7

29.     On July 11, 2022, Defendant responded to Plaintiff's cease-and-desist letter, rejected Plaintiff's demands, and called Plaintiff's copyright claims "groundless" and "meritless."  Defendant further suggested that the parties' "collective interest" would be best served by "leaving each other be."  After rejecting all of Plaintiff's demands and describing Plaintiff's actions as "predatory," Defendant ended its letter by stating that it "consider[ed] this matter closed."

30.     Plaintiff brings this action to protect its intellectual property, enforce its copyrights, and hold Defendant accountable for its blatantly unlawful infringement.

## FIRST CAUSE OF ACTION
### Copyright Infringement

31.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32.     Plaintiff owns copyright registrations in the Great White Design and Hammerhead Designs, registered with the United States Copyright Office under registration numbers VA0002295931 and VA0002291788 respectively.

33.     Plaintiff is informed and believes and thereon alleges that Defendant had access to the Great White Design and Hammerhead Design, including without limitation through Plaintiff's webpage *capeclasp.com* where the designs are readily visible, prior to Defendant's creation of its Infringing Products.

34.     Plaintiff is informed and believes and thereon alleges that Defendant infringed Plaintiff's copyrights by creating, manufacturing, producing, importing, marketing, displaying, selling, and/or distributing bracelet designs that are strikingly and/or substantially similar to Plaintiff's Great White Design and Hammerhead Design.

35. Due to Defendant's acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

36. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained profits it would not otherwise have realized but for its infringement of the Great White Design and Hammerhead Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits attributable to the infringement of the Great White Design and Hammerhead Design in an amount to be established at trial.

## SECOND CAUSE OF ACTION
### Violation of the Digital Millennium Copyright Act 17 U.S.C. § 1202

37. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. Upon information and belief, Defendant knowingly and with the intent to induce, enable, facilitate, or conceal its infringement, removed Plaintiff's copyright management information from the original designs and stamped its Infringing Product with false copyright management information, attributing the Great White Design to Defendant rather than to Plaintiff, before distributing its Infringing Product and publishing images of the Infringing Product online, including but not limited to on *https://dorsalbracelets.com/collections/sharks*.

39. The aforementioned acts constitute tampering with "copyright management information," as that phrase is defined in 17 U.S.C. § 1202(c), in violation of 17 U.S.C. § 1202(a) and (b).

40. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendant's profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## THIRD CAUSE OF ACTION
### Violation of South Carolina Unfair Trade Practices Act

41.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

42.     Defendant's conduct, as alleged herein, constitutes intentional and willful unfair methods of competition and unfair or deceptive acts or practices in commerce in violation of South Carolina Code Ann. § 39-5-10 *et seq*.

43.     Defendant's conduct, as alleged herein, constitutes intentional and willful unfair methods of competition that is likely to have an adverse impact upon the public.

44.     Defendant's intentional and willful unfair methods of competition and unfair or deceptive acts or practices in commerce are capable of being repeated and are, in fact, being repeated and have caused Plaintiff to suffer damages entitling it to relief permitted by South Carolina Ann. § 39-5-140.

45.     As a direct and proximate result of Defendant's unfair competitive conduct in contravention of South Carolina law, Plaintiff has been injured and suffers and will continue to suffer monetary loss, including loss of sales, profits and damages in an amount to be determined.

46.     Plaintiff is entitled to damages, treble damages and its costs and attorneys' fees incurred in this lawsuit.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendant and its respective agents and servants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking its Infringing Products;

b. That Plaintiff be awarded all profits of Defendant, plus all losses of Plaintiff, attributable to Defendant's infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505, 1203;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505, 1203;

d. That Plaintiff be awarded exemplary and treble damages as allowed by the statutes and laws referenced herein;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution.

Dated: August 28, 2023                                Respectfully submitted,

By: _____
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

/s/Hunter S. Freeman
Hunter S. Freeman, Federal I.D. No. 9313
Kim and Lahey Law Firm, LLC
3620 Pelham Road, PMB 213
Tel. (864) 973-6688
hfreeman@kimandlahey.com

Attorney for Plaintiff

11