IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CAPE CLASP, LLC, a Massachusetts Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DORSAL BRACELETS, LLC, a South Carolina Limited Liability Company<br><br>Defendant. | Case No. 2:23-cv-04313-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiffs' motion to compel complete discovery responses from Defendant Dorsal Bracelets, LLC. (Dkt. No. 26). Defendant opposes the motion claiming one set of production documents are not available and the other set of production documents was already produced. (Dkt. No. 28, p. 4-5). Plaintiff replied. (Dkt. No. 29). For the reasons below, the Court grants the motion to compel.

**I.    Background**

The present motion to compel challenges the sufficiency of Defendant's discovery responses. Plaintiff served its first set of requests for production on April 20, 2024, and Defendant produced certain documents including WhatsApp messages between it and its vendors on May 24, 2024. (Dkt No. 26, p. 1; Burroughs Decl. ¶ 5). Plaintiff claims that the production of those messages omitted crucial information, specifically attachments to the WhatsApp messages ("WhatsApp Attachments") and the communications between Defendant and vendors via the websites Alibaba and AliExpress ("Alibaba Messages"). (Dkt No. 26, p. 1-2). Plaintiff met and conferred with Defendant regarding the alleged missing documents on June 6, 2024, and again on July 9, 2024. Defendant alleges that the WhatsApp Attachments have already been produced

and the Alibaba Messages are unavailable because they were automatically deleted by Alibaba in the ordinary course of business. (Dkt. No. 28, p. 4-5).

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 37, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, inter alia, the party to whom the discovery was directed failed to produce documents or to permit inspection, or respond that inspection will be permitted as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## III. Discussion

There are conflicting narratives regarding the produced documents. Plaintiff represents that it never received either the WhatsApp attachments or the Alibaba Messages. Defendant claims that it has produced the WhatsApp attachments and is unable to produce the Alibaba Messages.

Defendant represents that its May 20, 2024, production included all of the WhatsApp Attachments, and has also provided over two hundred pictures, with bates numbers, along with its response to the motion to compel. (Dkt. No. 28-2). Defendant has also claimed that "Dorsal Production 000010-346 contained each and every attachment to the conversation," (Dkt. No. 28, p. 2), which amounts to 336 documents. Plaintiff argues that the full text of the WhatsApp messages references approximately 590 attachments and that "it is impossible to correlate which of these PDF pages correlates with each message in the WhatsApp chain.". (Dkt. No. 29, p. 1-2). The Court directs Defendants to produce the approximately 590 attachments in a format that

2

allows Plaintiff to understand what message the attachment belongs to. Each parent WhatsApp message should clearly correspond with its related child or family of WhatsApp Attachments.

Defendant has also provided credible evidence that shows that Alibaba routinely deletes messages after two years and that Defendant has no access to those messages. (Dkt. No. 28-3). Fed. R. Civ. P. 34(a) notes that parties are only responsible for producing items in their possession, custody, or control. However, Defendant's conversations reference communications and/or transactions via Alibaba in 2023. (Dkt. No. 29-2). Therefore, Defendant must produce any relevant communications from Alibaba within the last two years.

IV.   Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to compel (Dkt. No. 26). Defendant must produce all the WhatsApp Attachments and additionally provide a way to match them to the corresponding WhatsApp message. Defendant must also produce copies of communications or correspondence via Alibaba as requested by Plaintiff within the last two years.

      s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

September 10, 2024
Charleston, South Carolina